IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GUTIERREZ FLORES,<br>　　　　　　Petitioner,<br><br>　　v.<br><br>FEDERAL DETENTION CENTER<br>PHILADELPHIA, *et al.*,<br>　　　　　　Respondents. | :<br>:<br>:<br>:　Civil No. 2:26-cv-00404-JLS<br>:<br>:<br>:<br>: |

### ORDER

**AND NOW**, this 30th day of January, 2026, upon consideration of Rene Gutierrez Flores's Petition for Writ of Habeas Corpus (ECF No. 1) and the Government's Response in Opposition to Petition for Writ of Habeas Corpus (ECF No. 6), **IT IS HEREBY ORDERED** that the Petition (ECF No. 1) is **GRANTED** as follows:

　　1.　Rene Gutierrez Flores is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

　　2.　The Government shall **RELEASE** Rene Gutierrez Flores from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than 5:00 p.m. ET on February 3, 2026;

　　3.　If the Government chooses to pursue re-detention of Rene Gutierrez Flores pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1236.1 (c)(8), (d)(1), etc.; and

    4.    The Court shall retain jurisdiction of this matter for thirty (30) days unless otherwise ordered.[1]

**BY THE COURT:**

    */s/ Jeffrey L. Schmehl*
**JEFFREY L. SCHMEHL**
**United States District Court Judge**

---

[1] Mr. Gutierrez Flores has continuously resided in the United States for over two decades. (*See* ECF No. 1, Verified Pet. for Habeas Corpus, ¶ 3). He has entered the United States twice without inspection, once in 1995 and again in 2003. (*Id.*). Mr. Gutierrez Flores has lived with his family in Philadelphia since his 2003 entry. (*Id.*). In or around October 2025, Mr. Gutierrez Flores and his wife filed an application for U Nonimmigrant Status. (*Id.* at ¶ 4, *see* Ex. C, Petition for U Nonimmigrant Status with 10Oct2025 USPS Delivery Confirmation). They have yet to be issued receipts by the United States Citizenship and Immigration Services. (*Id.* at ¶ 4). ICE officials arrested Mr. Gutierrez Flores outside of his home in Northeast Philadelphia while he was loading his truck for work and took him into custody. (*Id.* at ¶ 1).

    The Government's arguments are familiar. The Government maintains that this Court lacks jurisdiction to intervene in removal proceedings, Mr. Gutierrez Flores failed to exhaust his administrative remedies, Mr. Gutierrez Flores is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2), and the detention does not offend due process. The vast majority of federal courts, including this Court, have rejected these arguments. *See e.g., Buele Morocho v. Jamison*, No. CV 25-5930 (E.D. Pa. Nov. 26, 2025); *Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Ndiaye v. Jamison*, No. CV 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 U.S. Dist. LEXIS 226877 (E.D. Pa. Nov. 18, 2025); *Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025). The Court will not belabor the point: Mr. Gutierrez Flores's mandatory detention without the opportunity for a bail hearing is unlawful.